## THOMAS F. GIBBS AND WIFE *vs.* ABIJAH HOWARD.

In an action of assumpsit upon a note of hand, what is proper matter of set-off must be determined by the laws of the state where the action is brought, and not by the laws of the state where the note was made.

THIS was an action of assumpsit upon a note of hand, dated September 29, 1817, for $57, made by *Howard*, and payable to *Almon Burgess*, or order, in the month of April, 1818 ; and on the 31st October, 1817, endorsed by *Burgess* to *Patience Cone*, then sole, now the wife of *Gibbs*, the plaintiff.

The defendant pleaded the general issue, and gave notice of a set-off, consisting of three notes of hand, made by *Almon Burgess*, and payable to three several persons, and by them endorsed to the defendant, November 1, 1817.

The cause was submitted to the decision of the court upon the following facts. The note described in the declaration

was made by *Howard*, and at the time when made, the original parties to it were both inhabitants of the state of Vermont. The same note was for a valuable consideration endorsed to *Patience Cone*, then an inhabitant of Vermont, before it became due, and before the defendant had any interest in the notes mentioned in the set-off. *Gibbs* is an inhabitant of Massachusetts. There is a statute of Vermont, passed on the 31st October, 1798, by which it is enacted, " that in all actions on endorsed notes it shall be lawful for " the defendant to plead an offset of all demands proper to " be plead in offset which the defendant may have against " the original payee, before notice of such an endorsement " against the endorsee, and may also plead or give in evi- " dence on the trial of any such action, any matter or thing " which would equitably discharge the defendant in an ac- " tion brought in the name of the original payee."

And it was agreed, that if the court should be of opinion that the defendant could not avail himself of the set-off filed in the case, judgment should be rendered for the plaintiffs for the amount of the note described in the declaration.

*By the court.* It is very clear that the notes, which the defendant holds against *Burgess*, are not a legal set-off in this action by the laws of this state ; and it is equally clear, that we can take no notice of the statute of Vermont. The *lex loci* must settle the nature, validity and interpretation of contracts, but it extends no farther. The laws of the state in which contracts are attempted to be enforced, must settle what is the proper course of judicial proceedings to enforce them.(1) The statute of Vermont relates merely to the remedy, by which a contract may be enforced. There must, therefore, according to the agreement of the parties, be

(1) 2 Mass. Rep. 84, Pearsall vs. Dwight. —3 John. 263, Ruggles vs. Keeler.

*Judgment for the plaintiff.*